JACK GORDON; SBN 169380
The Gordon Law Group
1885 The Alameda, Ste.210
San Jose, CA 95126
Tel. (408)286-1351
Fax. (408)503-0954

Attorney for Defendant,
Jocelyn Contreras

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

UNITED STATES OF AMERICA,                    No. CR 16-00150 BLF

                    Plaintiff,

                                      SENTENCING MEMORANDUM

vs.

                                      Date: September 27-28, 2022
                                      Time: 9:00 a.m.

JOCELYN CONTRERAS,

                    Defendant.

_____/

     TO THE CLERK OF THE ABOVE ENTITLED COURT, THE UNITED STATES
OF AMERICA AND ALL COUNSEL IN THE ABOVE ENTITLED MATTER:

     I. INTRODUCTION AND BACKGROUND

     Ms. Contreras is in substantial agreement with the facts and
calculations in the Presentence Investigation Report and the
Sentencing Memorandum filed by the United States.

     As noted in the Presentence Investigation Report (hereinafter

1

PIR) Contreras has been under government control and or supervision since 2016. She cooperated with state officials and served 430 days in state custody for the same type of conduct before coming into federal custody. She was in in federal custody for just over four months before being released on bail. She has been under supervised release ever since.

In addition to cooperating with both state and federal authorities Contreras testified for the United States at the trial of co-defendant Mendoza. As noted in the Government's Sentencing Memorandum the jury "… ultimately credited her testimony when it convicted Mendoza."

While in custody and out Contreras has strived to better herself and to understand how she came to be a part of the instant criminal enterprise. She has undergone therapy, worked and gone to school while in and out of custody. This is well documented in the PIR. The remainder of this memorandum focuses on an understanding, not an excuse as to how and why Ms. Contreras found herself engaged in the criminal activities that lead her here.


II.  THE YOUTHFUL OFFENDER

Because adolescent development is a time of dynamic growth that affects cognitive, social, emotional and biological maturity, age in and of itself is not sufficient to determine whether a person is criminally sophisticated.

Brain imaging studies reveal that adolescents lack the ability to exercise mature judgment because of the biological

immaturity of the brain. (National Academy of Science, *Reforming Juvenile Justice: A Developmental Approach* (1013) p.96 (hereinafter "*NAS Report*".) Specifically,

Adolescents differ from adults and children in three important ways that lead to differences in behavior; First, adolescents lack mature capacity for self-regulation in emotionally charged contexts, relative to adults and children (citations). Second, adolescents have a heightened sensitivity to proximal external influences, such as peer pressure and immediate incentives, relative to adults (citations)

(Id. at p. 91, citations omitted.)

These factors account for the tendency of adolescents to engage in risky behaviors that have a high probability of immediate reward but can lead to harm to self or others.   The preference for risky behaviors rises by a third standard deviation between ages 10 and 16, and declines by a half standard deviation by age 26. (*NAS Report* at p. 91)  Youth change and attain adult levels of mature judgment as brain development continues into their twenties.  The development and maturation of the prefrontal cortex is fully accomplished at the age of 25 years. (Arain et al., *Maturation of the Adolescent Brain, 9 Neuropsychiatric Disease & Treatment* (2013) pp. 449-461, published online by the National Institutes of Health, http://www.ncbi.nlm.nih.gov/gov/pmc/articles/PMC3621648/.)

The Supreme Court, has long recognized that children "*generally are less mature and* responsible that adults, (*Eddings v. Oklahoma* (1982) 455 U.S. 104, 115), and the impact of

3

immaturity on behavior.   The young "often lack the experience, perspective, and judgment to recognize and avoid choices that could be detrimental to them."(*Bellotti v. Baird,* 443 U.S. 662,635.) They "are more vulnerable or susceptible to … outside pressures" than adults. (*Roper v. Simmons* (2006) 543 U.S. 551, 569.) The Court has pointedly noted that "developments in psychology and brain science continue to show fundamental differences between juvenile and adult minds." (*Graham v. Florida* (2012 560 U.S. 48, 68.)   Moreover, "children characteristically lack the capacity to exercise mature judgment and possess only an incomplete ability to understand the world around them."(*J.D.B. v. North Carolina* (2011) 564 U.S. 261, 273.) The reality is that what could appear sophisticated really may be the result of poor choices and the inability to weigh consequences due to the underdeveloped pre-frontal cortex.

While not a juvenile in a legal sense Ms. Contreras was just 18 years old when brought into Guizar-Cuellar's criminal enterprise.   As noted in both the PSI and the U.S. Sentencing report Mr. Contreras was threatened, beaten and provided drugs by a man fifteen years her senior. As noted in the PIR, "…[a]s a result of the abuse Contreras suffered at the hands of Guizar-Cuellar, she experienced depression, insomnia, panic attacks, post-traumatic stress disorder, and flashbacks.   She addressed many of these conditions through mental health treatment which she completed in January 2021.)

To her youth and abuse add that she became pregnant by Guizar-Cuellar.  So now you have an abused, (physically, sexually and mentally), depressed teenager who is with child. Then when the child is born said child becomes but another lever Guizar-Cuellar uses to control Contreras threatening to take the child when Contreras tries to leave.

Contreras takes full responsibilities for her actions, but like the other young girls she too was chosen by a predator.  It is but a thin line that separates defendant and victim in this case. It is her attorney's job to remind the Court that she was damaged and 18.

V.   CONCLUSION

Base on the foregoing Ms. Contreras requests this court to sentence her to time served.

_____/S/_____
Jack Gordon
Attorney for Defendant